UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEAN PATRICK FLORESTAL,

    Plaintiff,

v.                                                     Case No:   6:14-cv-1612-Orl-40TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Uncontested Motion for Attorney's Fees, filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 24).  Plaintiff requests an award of fees **in the amount of $3,636.19**.  The schedule of billable hours attached to the petition confirms the attorneys' billable hours before this Court (Id. at 13-15). Defendant has no objection to the requested relief (Id. at 3, ¶10).

Plaintiff asserts that he is the prevailing party in this litigation, that the Defendant's position in the underlying action was not substantially justified, and that his net worth when this proceeding was filed was less than two million dollars[1] (Id. at 1-2, 6-7).  On January 22, 2016, I entered my report and recommendation in which I recommended that the district court affirm the Commissioner's final decision (Doc. 17).  On March 22, 2016, the district court adopted my report and recommendation in part and rejected it in part, and ultimately remanded the case back to the Commissioner pursuant to sentence four of 42 U.S.C. §

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).

405(g) (Doc. 22). The clerk entered judgment the next day (Doc. 23). Plaintiff filed this application for attorney's fees on May 17, 2016 (Doc. 24).

Attached to the petition is a copy of Plaintiff's assignment of EAJA fees to his counsel (Doc. 24-1). In light of the assignment, Plaintiff requests (and Defendant agrees) that payment should be made payable to Plaintiff and delivered to his counsel unless he owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to his counsel.

Pursuant to the provisions of the EAJA, I respectfully recommend that the district judge **GRANT** Plaintiff's uncontested motion for attorney's fees (Doc. 24), and award him attorney's fees **in the amount of $3,636.19**. It is further recommended that the district court authorize payment to Plaintiff's counsel if the Department of the Treasury determines that he does not owe a debt to the Government.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 18, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record